IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELVIN ROBERTSON,

   Plaintiff,

v.

REV. RAPHAEL G. WARNOCK, *et al.*,

   Defendants.

CIVIL ACTION FILE
No. 1:19-cv-04637-SCJ

**ORDER**

This action is before the Court on the Amended Complaint filed by Plaintiff Melvin Robertson ("Plaintiff") against Defendants Reverend Raphael G. Warnock, *et al.* (collectively, "Defendants"). Doc. No. [5].[1]

On October 16, 2019, Plaintiff, proceeding *pro se*, filed a complaint with an application for leave to proceed *in forma pauperis* ("IFP"). Doc. No. [1].

---

[1] The Court refers to documents filed in this case using bracketed citations. For example, "Doc. No. [5]" is Plaintiff's Amended Complaint, which was filed on October 30, 2019. The documents filed in this case are available through the Clerk's Office of the United States District Court for the Northern District of Georgia.

1

On October 18, 2019, the Honorable Janet F. King, United States Magistrate Judge, granted Plaintiff's request to proceed IFP and submitted the complaint to the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. No. [3].

On October 30, 2019, Plaintiff filed an Amended Complaint against Defendants. Doc. No. [5]. He has since filed various other motions. Doc. Nos. [7]; [14]; [15]; [16]; [18]; [20]; [21]; [22]. These matters are the subject of this Order, and the Court now rules as follows.

I. **LEGAL STANDARD**

   A. **District Court Review of IFP Cases**

A federal court is required to dismiss an IFP complaint at any time if it determines that the complaint: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The second and third grounds for dismissal require the Court to accept the factual allegations made in the complaint as true. See Jackson v. Capraun, 534 F. App'x 854, 859 (11th Cir. 2013) (evaluating immunity of defendants while

2

accepting allegations in the complaint as true); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under 1915(e)(2)(B)(ii)."). To state a claim on which relief may be granted, it is not enough for the allegations in the complaint to make a claim conceivable; the factual allegations must support a claim that is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 433, 570 (2007). When analyzing the claims alleged, the Court disregards legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

Furthermore, because immunity is an affirmative defense, the immunity of a defendant must be plainly apparent from the face of the complaint in order to warrant dismissal. See Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), cert. denied, 476 U.S. 1124 (1986); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) ("Even if the complaint otherwise states a claim and the alleged facts are not fantastic, the defendant's absolute immunity justifies dismissal before service of process.") and Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990) ("the absolute immunity of the defendant would justify the dismissal of a claim as frivolous.").

### B.     **Standard for Reviewing *Pro Se* Pleadings**

As a *pro se* litigant, Plaintiff's pleadings are subject to a different standard of review than those drafted by lawyers. The Supreme Court has held that a document filed *pro se* is "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 49 U.S. 97, 106 (1976)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences" contained in complaints filed by *pro se* litigants. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2006) (quotation and citation omitted). And furthermore, *pro se* plaintiffs are still required to comply with threshold requirements of the Federal Rules of Civil Procedure. See Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002).

## II.   DISCUSSION

### A.     **Amended Complaint**

The facts giving rise to Plaintiff's Amended Complaint are unclear. However, Plaintiff states that he is asserting his claims against Defendants pursuant to 42 U.S.C. § 1983. Doc. No. [5]. He also asserts various state law claims. Id. Furthermore, Plaintiff names several Defendants—both government officials and private parties. Yet to the extent that Plaintiff names private parties, they are not subject to § 1983 liability because they are not state actors.

4

See Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981). While there are rare circumstances in which a private party may be treated as a "state actor" for purposes of § 1983 liability, see Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001), Plaintiff's conclusory allegations do not plead conspiracy sufficiently to transform these private parties into state actors. See Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) ("For purposes of [§ 1983], the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons.") (citing Fullman v. Graddick, 738 F.2d 553, 556–57 (11th Cir. 1984)).

As for the state and local government officials that are named as Defendants, Plaintiff's allegations are also fatally vague, as they fail to provide any information whatsoever about what these officials allegedly did that would entitle him to any damages. These officials cannot solely be held liable under § 1983 because of their supervisory positions. See LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993). Thus, absent factual allegations that would allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Plaintiff fails to state a claim. Iqbal, 556 U.S. at 662.

Accordingly, the Court finds that Plaintiff has failed to state a claim against Defendants pursuant to § 1983.[2]

### B. Emergency Motions for Injunctive Relief

Plaintiff has also filed two emergency motions for injunctive relief. Doc. Nos. [7]; [16]. Because the Court has found that Plaintiff's claims are due to be dismissed, however, it **DENIES as moot** his emergency motions for injunctive relief. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); Davis v. Prison, Civil No. 7:16-CV-0062-HL-TQL, 2016 WL 4071990, at *3 (M.D. Ga. July 28, 2016) ("An injunction may not issue unless the movant demonstrate, among other things, that there exists a substantial likelihood of success on the merits of his claim.").

### C. Motions to Disqualify Judge

Additionally, Plaintiff has twice moved to disqualify the undersigned from this action. Doc. Nos. [14]; [18]. While the basis of Plaintiff's motions are unclear, it appears that he is asserting that the Court recuse itself from this

---

[2] As for Plaintiff's state law claims, the Court lacks supplemental jurisdiction over said claims. Because the Court has already found that Plaintiff has failed to state a claim under § 1983, no federal question remains in this case. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

6

action pursuant to 28 U.S.C. § 455 provides the basis for recusal. Said code section provides two primary bases for removal, outlined in subsections (a) and (b). Section 455(a) states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard under § 455[(a)] is objective and requires the court to ask whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations omitted). If doubts exist about how an objective, reasonable person would view the facts, those doubts should be resolved in favor of recusal. United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003). Section 455(b) provides that a judge shall recuse himself "when any of the specific circumstances set forth in that subsection exist, which show the fact of partiality." Id. "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" Id. (quoting Murray v. Scott, 253 F.3d 1308, 1312 (11th Cir. 2001)).

"Although § 455 liberalize[d] greatly the scope of disqualification in federal courts, and relieves litigants of the strict procedural predicates

mandated by § 144, it does not invite recusal whenever it is requested by a party." Stone v. Bank of New York Mellon, N.A., No. CIV.A. 1:11-CV-00081, 2014 WL 61480, at *5 (N.D. Ga. Jan. 8, 2014) (internal citations and quotations omitted). In addition, "motions to recuse under § 455, while they may be referred to a judicial colleague for review, are typically decided by the presiding judge." Id.; see also Phillips v. Joint Legislative Comm. on Perf. & Exp. Review, 637 F.2d 1014, 1020 (5th Cir. Unit A Feb. 1981)[3] ("A recusal motion is committed to the sound discretion of the district judge.").

In the context of § 455, "it is the facts, not the movant's allegations, that control the propriety of recusal." Stone, 2014 WL 61480, at * 5; see also United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (internal quotations omitted) ("If a party could force recusal of a judge by factual allegations, the result would be a virtual open season for recusal."). "A charge of partiality must be supported by some factual basis." United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999). The facts must be sufficient to make an objective observer call a judge's impartiality into question, as "the law will not suppose

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a possibility of bias or favor in a judge, who is already sworn to administer impartial justice . . . ." In re Evergreen Sec., Ltd., 570 F.3d 1257, 1275 (11th Cir. 2009). Where a litigant's allegations are "unsupported, irrational, or highly tenuous speculation," the judge should decline to recuse himself. In re United States, 666 F.2d 690, 694 (1st Cir. 1981).

Here, aside from citations to the relevant code section and case law, Plaintiff points to no evidence in support his motions for recusal. For example, Plaintiff does not argue that the undersigned has personal bias or prejudice against any party. Nor does he argue that the undersigned financial interest in the outcome of this matter. The Court takes its ethical obligations very seriously and would readily recuse from this matter if recusal was supported by evidence. However, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." In re Moody, 755 F.3d 891, 895 (11th Cir. 2014) (quoting United States v. Berger, 964 F.2d 1065, 1070 (10th Cir. 1992)). Because Plaintiff has provided no evidence that the Court is biased or unable to remain impartial in this matter, see Cerceda, 188 F.3d at 1293 ("A charge of partiality must be supported by some factual basis."), his motions for disqualification are due to be **DENIED**. Doc. Nos. [14]; [18].

### D. Motion to Appoint Counsel

Plaintiff has also moved this Court for the appointment of counsel, as he is unable to afford counsel and he has "limited knowledge of the law." Doc. No. [15]. After review, the Court in the exercise of its discretion **DENIES** Plaintiff's motion for appointment of counsel, as the facts and legal issues presented in this case do not constitute exceptional circumstances warranting appointment of counsel. See Wills v. Postmaster Gen., 300 F. App'x 748, 750 n.1 (11th Cir. 2008) ("[u]nder 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent plaintiffs, but only in exceptional circumstances.") and Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (recognizing that the district court has "broad discretion" in making its decision as to whether to appoint counsel).

### III. CONCLUSION

Accordingly, Plaintiff's Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. No. [5]. Plaintiff's Emergency Motions for Injunctive Relief are **DENIED as moot**. Doc. Nos. [7]; [16]. Plaintiff's Motions to Disqualify Judge are **DENIED**. Doc. Nos. [14]; [18]. Plaintiff's Motion to Appoint Counsel is **DENIED**. Doc. No. [15]. Because this case is due to be dismissed, Plaintiff's remaining motions regarding service of Defendants are **DENIED as moot**. Doc. Nos. [20]; [21]; [22].

As there are no further issues outstanding, the Clerk is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED** this 30th day of July, 2020.

                                          s/Steve C. Jones
                                          **HONORABLE STEVE C. JONES**
                                          **UNITED STATES DISTRICT JUDGE**